UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-1512-WTL-DML |
| | ) |
| APOTEX INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO RECONSIDER STAY

This cause is before the Court on the Defendants' Motion to Reconsider Order Granting Motion to Stay (Dkt. No. 83). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The Defendants' motion is, in a word, perplexing. It purports to be based on the "discovery" of a "significant new fact"; specifically, that shortly before the Court's ruling staying this case, the Plaintiffs executed a covenant not to sue the Defendants with regard to four of the patents on which the Plaintiffs sued in this case (hereinafter referred to as the "applicator patents"). The Defendants fault the Plaintiffs for failing to inform the Court of the covenant not to sue prior to the Court's ruling on the motion to stay, and assert that "[t]he Court, therefore, granted a stay in this litigation because it was misled by [the Plaintiffs] due to [the Plaintiffs'] failure to inform the Court that the applicator patents are no longer at issue." Dkt. No. 83 at 2.[1]

---

[1] The Court notes that the Defendants' suggestion that the Plaintiffs could file a motion to voluntarily dismiss moot claims is incorrect. Rule 41(a) can be used only to voluntarily dismiss an entire case, not certain claims in a case. *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (so holding).

The Defendants' argument ignores the fact that the Defendants expressly *did not object* to the entry of a stay in this case *except with regard to the applicator patents*. *See, e.g.*, Dkt. No. 44 at 4 ("[The Defendants] proposed that the parties conduct limited discovery on an expedited basis solely on the spreading implement. [The Defendants] agreed to stay all other issues of invalidity and noninfringement pending a final ruling in the *Perrigo* litigation."). In partially opposing the motion to stay, the Defendants asked only that the Court "allow limited discovery on the Applicator Patents." *Id.* at 11. The Court's Entry on Motion to Stay makes clear the Court's understanding of the Defendants' position with regard to the stay. Dkt. No. 81 at 3 ("Upon further contemplation, the Defendants decided that they would not agree to a complete stay of this case. Rather, the Defendants argue that discovery and motion practice should proceed as to the issue of whether their applicator infringes the four spreading implement patents at issue in this case (the '861 Patent and U.S. Patent Nos. 8,419,307; 8,177,449; and 9,289,586).").

The Defendants do not argue that the Court misunderstood their position, which would be a basis for seeking reconsideration. Rather, they assert that "[t]he entire premise upon which the Motion to Stay was based hinged on Apotex's proposed expedited discovery schedule of the four applicator patents . . . . When Lilly unilaterally executed its [covenant not to sue] . . . it obviated any need for discovery on these patents. In short, the [covenant not to sue] vitiates the merits of the Motion to Stay." Dkt. No. 83 at 5. Actually, the covenant not to sue vitiated the reason for the Defendant's objection to the stay, not the basis for the stay itself. Had the Plaintiffs notified the Court of the covenant not to sue before the Court issued its ruling on the motion to stay, the motion to stay would still have been granted; the only difference would have been that it would have been granted as an agreed motion, rather than being granted over the Defendants' partial opposition.

2

The Defendants also argue that the covenant not to sue "removed the 'case or controversy' requirement of Article III, Section 2 of the U.S. Constitution [and] mooted all claims of infringement regarding the applicator patents, thereby divesting this Court of subject-matter jurisdiction to issue its Order granting a stay." Dkt. No. 83 at 5. Indeed, the Defendants go even further in their reply brief, asserting that the covenant not to sue

> disqualifies this matter as a "case or controversy" under Article III of the United States Constitution. . . . . Accordingly, Lilly's claims against Apotex can no longer be adjudicated because Lilly no longer suffers a concrete injury in fact that is fairly traceable to Apotex's conduct, and that can be redressed by a favorable decision of this Court. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). In other words, since there are no issues left for this Court to consider, the stay is pointless.

Dkt. No. 85 at 1-2. Again, this is perplexing, as it ignores the fact that this case—and the stay—involves more than just the applicator patents. The claims with regard to the applicator patents do, indeed, appear to have been mooted by the covenant not to sue, but as the remainder of the Defendants' reply brief demonstrates, additional issues remain to be adjudicated. If that were not the case, the only action the Court could take would be to dismiss this case for lack of subject matter jurisdiction. That, of course, is not the relief sought by the Defendants; rather, the Defendants wish to proceed with the adjudication of the remaining issues. But, again, the Defendants did not previously object to staying the adjudication of those issues pending the resolution of the appeal in *Perrigo*, and the Defendants have offered no explanation for why the appropriateness of that stay has changed because of the covenant not to sue. Accordingly, the motion to reconsider is **denied** and the stay remains in place.

The Court reiterates that it expects the Plaintiffs to be prepared to expedite the resolution of this case once the *Perrigo* decision is rendered. To that end, the Court directs the parties to continue to work together to identify those issues that they can agree could be resolved by the

*Perrigo* ruling including, for example, consideration of the stipulation that has been proposed by the Defendants.  In spite of the stay, if either party believes that the other party is not engaging in these discussions in good faith, they may request a status conference with the Court.

The Court's previous order that the parties shall submit a joint case management plan within fourteen days of the date of the Federal Circuit's ruling in *Perrigo* remains in force.  If the parties are unable to agree on a case management schedule, they shall file a motion for an expedited status conference to resolve their differences.  It remains the Court's intention to resolve this matter as efficiently as possible once the stay is lifted.

SO ORDERED: 5/3/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification